UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MICHAEL KRAUSE,<br>Plaintiff<br><br>vs.<br><br>VISTRA ENERGY WELFARE BENEFIT PLAN AND VISTRA OPERATIONS COMPANY, LLC<br><br>Defendants | § § § § § § § § § § § § § | Plaintiff's Original Complaint<br><br>Cause No._____ |

### Plaintiff's Original Complaint

COMES NOW, Plaintiff Michael Krause for his Original Complaint and states the following:

### 1. Parties

1.1   Plaintiff Michael Krause ("Plaintiff") is an individual who is domiciled in Titus County, Texas.

1.2   Defendant Vistra Energy Welfare Benefit Plan ("VEWBP") is a corporation registered in Texas.  Defendant can be served with process upon its Plan Administrator, Vistra Operations, LLC, 6555 Sierra Drive, Irving, Texas 75039.

1.3   Defendant Vistra Operations Company, LLC ("VOC") is a foreign corporation registered in Texas.  Defendant can be served with process upon its registered agent in the State of Texas, Capitol Corporate Services, Inc, 206 E.9th, Suite 1300, Austin, Texas USA.

### 2. Jurisdiction and Venue

2.1   This court has jurisdiction to hear Plaintiff's claim pursuant to 28 U.S.C.S. §1331 as it arises under Federal Law, namely the Employee Retirement Income Security Act, 29 U.S.C.S. §1001 et.seq. ("ERISA")

2.2    Venue is proper in this district pursuant to 28 U.S.C.S. §1391.

### 3. Causes of Action

**1. Civil Enforcement: 29 U.S.C.S. §1132**

3.1    Defendant VEWBP is an employment benefit plan ("the Plan") for which Plaintiff was a participant on the date of May 9, 2017 when he suffered a stroke.

3.2    Defendant VOC is the third-party administrator ("Administrator") of the VEWBP ("the Plan") sponsored by Plaintiff's former employer

3.3    Plaintiff suffered a stroke on the date of May 9, 2017, while covered by the Plan. (Hereinafter the "injury/illness"). Plaintiff's injury/illness which occurred on the date of May 9, 2017 caused him to be disabled as the phrased was defined under the Plan.

3.4    Plaintiff made a claim for disability income benefits under the Plan and initially received Short Term Disability Payments and thereafter Long-Term Disability Payments. However, the Long-Term Disability income benefits were ended by Defendants, and further Long-Term Disability Benefits were denied by the Plan and the Administrator on the date of April 26, 2019. Until April 26, 2019, Defendants paid Long Term Disability Benefits to Plaintiff under an "own occ" standard of disability. Defendants' failure to properly adhere to the terms of the Plan when administering Plaintiff's continued Long-Term Disability benefits after April 26, 2019, included, but was not limited to, failing to properly interpret and implement the terms of the Plan. Such misinterpretations and improper implementations included, but were not limited to, failing to make continued payment if thereafter Plaintiff was "unable to earn more than 60% of his Pre-disability Earnings from your employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience, and unable to perform the duties of any gainful occupation for which You are reasonably qualified taking into account Your training, education and

experience." Defendants did not apply the applicable standard for denial of the continued receipt of the Long-Term Disability Benefits under the Plan when denying the continued benefits.

3.5    Plaintiff asserts that VOC is also legally responsible for the wrongful denial of Plaintiff's claim because it exercised actual control over the Plan's claim process and the denial of Plaintiff's claim. Such wrongful denial includes but is not limited to improperly interpreting and implementing the terms of the Plan as to Plaintiff's claim.

3.6.   Plaintiff appealed this Adverse Benefit Determination to the Defendants pursuant to the terms of the Plan, which was denied by the Plan and Administrator on the date of July 5, 2019.

3.7    Plaintiff has exhausted all administrative procedures and plan remedies prior to filing suit.

3.8    Defendants' denial for further disability benefits under the Plan was wrongful, not consistent with their fiduciary duty to Plaintiff, and in violation of provisions of ERISA and regulations promulgated pursuant to ERISA because Plaintiff provided Defendants with substantial evidence that he was entitled to continue to receive Long Term Disability Benefits under the Plan. Such wrongful denial includes but is not limited to improperly interpreting and implementing the terms of the Plan as to Plaintiff's claim.

## 4. Damages and Claims for Relief

4.1    As a result of the above-described wrongful actions by Defendants, Defendants are liable under §1132(a)(1)(B) of ERISA for all benefits due but not paid to Plaintiff under the Injury Benefit Plan, and all such benefits that Plaintiff is entitled to receive into the future under the Plan, prejudgment interest thereon, attorney's fees incurred and expenses of cost and court, and all other relief Plaintiff demonstrates he is entitled to.

Respectfully submitted,

Mark C. Burgess TSB #00783755
mark@markburgesslaw.com

**BURGESS LAW FIRM, P.L.L.C.**

4201 Texas Boulevard
Texarkana, Texas 75503
Telephone:     903-838-4450
Facsimile:     844-270-5674

By: _____
    Mark C. Burgess

    Attorney for Plaintiff Michael Krause